**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andreas Ganotakis d/b/a Seven Days Food Mart, LLC,
Appellant,

v.

City of Columbia Board of Zoning Appeals, Respondent.

Appellate Case No. 2014-001824

———————

Appeal From Richland County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-153
Submitted December 1, 2015 – Filed March 30, 2016

———————

**AFFIRMED**

———————

Dietrich A. Lake, of The Lake Law Firm, of Columbia, for Appellant.

Peter M. Balthazor, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Andreas Ganotakis d/b/a Seven Days Food Mart, LLC (Food Mart) appeals the circuit court's decision affirming the decision of the Board of Zoning Appeals (the Board) to deny Food Mart's request for a special exception to operate a liquor store in a C-3 zoning district. Food Mart argues the circuit court

erred in determining (1) the Board's decision to deny Food Mart's request for a special exception was not arbitrary and capricious when the Board did not adhere to its own criteria for granting special exceptions, and (2) Food Mart was not prejudiced by a conflict of interest between the Board, City Council, and private counsel.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in determining the Board's decision to deny Food Mart's request for a special exception was not arbitrary and capricious:  S.C. Code Ann. § 6-29-840(A) (Supp. 2015) ("The findings of fact by [the Board] . . . must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence."); *Rest. Row Assocs. v. Horry Cty.*, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999) ("A court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision."); *id.* ("However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion."); S.C. Code Ann. § 6-29-800(A)(3) (Supp. 2015) (stating the Board has the power "to permit uses by special exception subject to the terms and conditions for the uses set forth for such uses in the zoning ordinance"); Columbia City Code § 17-112(2)(b)(4) (2013) (stating the Board "shall make a finding that it is empowered under the section of this article described in the application to grant the special exception and that the special exception will not adversely affect the public interest"); Columbia City Code § 17-112(2)(c) (2013) ("[The Board] . . . shall consider the following: (1) [t]raffic impact; (2) [v]ehicle and pedestrian safety; (3) [p]otential impact of noise, lights, fumes, or obstruction of air flow on adjoining property, (4) [a]dverse impact of the proposed use on the aesthetic character of the environs . . . ; and (5) [o]rientation and spacing of improvements or buildings.").

2.  As to whether the circuit court erred in determining Food Mart was not prejudiced by a conflict of interest between the Board, City Council, and private counsel:  Rule 1.7(a), RPC, Rule 407, SCACR ("A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."); Rule 1.8(l), RPC,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Rule 407, SCACR ("In any adversarial proceeding, a lawyer shall not serve as both an advocate and an advisor to the hearing officer, trial judge or trier of fact.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**